UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-14368-DMM

THE BURLINGTON INSURANCE COMPANY,
an Illinois corporation,

 Petitioner,

vs.

MICHAEL BRADLEY, as Personal Representative
of the Estate of CLAUDIA BRADLEY, deceased,
DOCKSIDE VIEW, LLC, a Florida limited
liability company, ON THE EDGE DOCKSIDE, LLC,
a Florida limited liability company, TAYLOR ZEUS,
an individual, KORI BYRD, an individual,
and VICTORIA ROBINSON, an individual

 Respondents.
_____/

## DOCKSIDE VIEW, LLC'S MOTION TO DETERMINE ENTITLEMENT TO AN AWARD OF ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant, DOCKSIDE VIEW, LLC ("Dockside View"), by and through its undersigned counsel, and pursuant to Local Rule 7.3(a), moves this Court for an order determining that it is entitled to an award of attorneys' fees against The Burlington Insurance Company ("Burlington"), and states as follows:

### BACKGROUND

This insurance coverage action was filed by Burlington seeking a declaration that is has no obligation to defend or indemnify Dockside View, On The Edge Dockside, or several individual named defendants in an underlying wrongful death lawsuit pending in the Nineteenth Judicial Circuit Court in and for St. Lucie County, captioned *Bradley v. Dockside View, LLC, et al.,* Case

No. 562022CA001332AXXXHC (hereinafter referred to as the "Underlying Action"). Burlington also sought in its Second Amended Petition (D.E. 29) a declaratory judgment allowing it to rescind its policies and/or have them declared void *ab initio* based on alleged misrepresentations in the insurance application.

Dockside View moved to dismiss the Second Amended Petition (D.E. 33) on several grounds, including that the Court exercise its discretion to decline to entertain this case under the Declaratory Judgment Act based on the factors set forth in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005). Dockside View moved to dismiss the rescission count on several grounds, including that Burlington could not seek rescission under Fla. Stat. § 627.409(1) because it is a surplus lines carrier, and that Burlington failed to allege that it provided notice of rescission to its policyholder and returned the premium within a reasonable time after discovery of the grounds for rescission.

The Court issued an Order (D.E. 98) dated August 24, 2023 dismissing the Second Amended Petition. The Court exercised its discretion to decline to determine the coverage claims under *Ameritas*, and dismissed the rescission claim without prejudice for failure to state a plausible claim for relief. The Court granted Burlington until today, August 31, 2023, to attempt to amend its complaint to state a claim for rescission.

Counsel for the Dockside View has been attempting to confer with Burlington's counsel since the Court issued its dismissal Order on August 24, 2023, to inquire as to whether Burlington intended to file an amended complaint, contest Dockside View's entitled to fees, or contest the hourly rates charged by Dockside View's counsel (which rates were provided to Burlington's counsel). Burlington's counsel stated that he was conferring with his client on August 28, 2023

and would respond with Burlington's position after this conference. Burlington's counsel did not respond, nor did Burlington's counsel respond to follow-up e-mails from Dockside View's counsel on August 29, 2023 at 9:08am or August 30, 2023 at 10:29am.[1]

## ARGUMENT AND CITATION OF AUTHORITY

### I. Dockside View Is Entitled To An Award Of Attorneys' Fees Under Fla. Stat. § 626.9373

"In diversity cases, a party's right to attorney's fees is determined by reference to state law." *Prime Ins. Syndicate, Inc. v. Soil Tech., Inc*., 270 F. Ap"x 962, 963 (11th Cir. 2008). Because Burlington is a surplus lines insurer, the relevant statute for determining Dockside View's entitlement to attorneys' fees is Fla. Stat. § 626.9373, which provides that, upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of an insured, the court shall award reasonable attorneys' fees to the insured. Fla. Stat. § 626.9373 is the surplus lines equivalent of Fla. Stat. § 627.428, which is "nearly identical" and the "courts apply the two fee provisions in the same way". *Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-23329-Civ-SCOLA/TORRES, 2019 WL 383868, at *3 (S.D. Fla. Jan. 15, 2019), report and recommendation adopted, 2019 WL 367916 (S.D. Fla. Jan. 30, 2019).

Under Florida law, it is a "well-established principle that that [an insured] merely need[s] to obtain a judgment in his favor in order to be entitled to an award of attorneys' fees." *Rodriguez v. Gov't Emps. Ins. Co*., 80 So. 3d 1042, 1044 (Fla. 4th DCA 2011), *see also Ivey v. Allstate Ins.*

---

[1] Dockside View is filing this motion now, given today's deadline for Burlington to replead (which Burlington apparently intends to allow to expire), to avoid the possibility that the Court will close the case and divest itself of jurisdiction to award fees.

*Co.*, 774 So. 2d 679,684 (Fla. 2000) ("Florida law is clear that in 'any dispute' which leads to judgment against the insurer and in favor of the insured, attorney's fees shall be awarded to the insured").

The fact that the Court used its discretion to dismiss portions of the Second Amended Petition based on the *Ameritas* factors does not negate Dockside View's right to an award of attorneys' fees.  Courts in this District have held that dismissals without prejudice, including dismissals based on *Ameritas* factors, entitle an insured to recover attorneys' fees.  *See, e.g., Endurance Assurance Corp. v. Zoghbi*, 18-23960-CIV, 2020 WL 8258331, at *1 (S.D. Fla. July 7, 2020), report and recommendation adopted, 2021 WL 229977 (S.D. Fla. Jan. 22, 2021); *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, 564 F. Supp. 3d 1265, 1270 (S.D. Fla. 2021); *Kinsale Ins. Co. v. Best Wellness USA, LLC,* No. 21-61867-CIV, 2022 WL 3353398, at *2 (S.D. Fla. Aug. 15, 2022); *S.-Owners Ins. Co. v. Marquez,* No. 20-81431-CIV, 2022 WL 2651661, at *6 (S.D. Fla. July 8, 2022).

Further, the Court's dismissal of the rescission count, and Burlington's failure to amend its complaint to replead its rescission claim, amounts to a confession of judgment, as Burlington has declined to defend its position as to rescission.  *See Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So.2d 217, 218-19 (Fla. 1983); *State Farm Mut. Auto. Ins. Co. v. Coker*, 505 Fed. Appx. 824, 826 (11th Cir. 2013); *W&J Grp. Enterprises, Inc. v. Houston Specialty Ins. Co.,* 684 F. App'x 867, 868–69 (11th Cir. 2017).  This also entitles Dockside View to recovery of its attorneys' fees incurred in this action.

4

**WHEREFORE**, Defendant DOCKSIDE VIEW respectfully requests this Court enter an order establishing Dockside View's entitlement to attorneys' fees from Burlington, and granting all other and further relief the Court deems just and appropriate.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), undersigned counsel hereby certifies that he made a good faith effort to resolve this motion with Burlington, as detailed above.  However, Burlington has refused to state whether it objects to Dockside View's entitlement to fees.

Dated: August 31, 2023

Respectfully submitted,

FRIEDMAN P.A.

*/s/ Robert H. Friedman*
Robert H. Friedman
Florida Bar No. 25994
rob@friedmanpa.com
340 Royal Poinciana Way
Suite 317-202
Palm Beach, FL  33480
Telephone: (561) 800-2110
Facsimile: (561) 246-3413

Robert V. Schwerer
HAYSKAR, WALKER, SCHWERER, DUNDAS & MCCAIN P.A.
Florida Bar No. 320315
schwererlaw@aol.com
130 South Indian River Drive, Suite 304
Fort Pierce, FL 34950
Telephone: (772) 461-2310
Facsimile: (772) 461-6790

Counsel for Defendant Dockside View, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2023 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record in this litigation.

/s/ *Robert H. Friedman*
Robert H. Friedman
Florida Bar No. 25994
rob@friedmanpa.com
340 Royal Poinciana Way
Suite 317-202
Palm Beach, FL  33480
Telephone:    (561) 800-2110
Facsimile:    (561) 246-3413

Counsel for Defendant Dockside View, LLC